# In the United States Court of Federal Claims

No. 16-268C
(Filed: November 29, 2017)
NOT FOR PUBLICATION

```
*************************************
CANPRO INVESTMENTS LTD.,              *
                                      *
            Plaintiff,                *
                                      *
v.                                    *    Motion to Compel; RCFC 26(a)(1)(A)(iii);
                                      *    Initial Disclosures; Damages Computation
THE UNITED STATES,                    *
                                      *
            Defendant.                *
*************************************
```

**<u>ORDER</u>**

On November 12, 2014, plaintiff submitted a certified claim to the contracting officer demanding $250,000 in damages and termination of the lease that is the subject of this action. Compl. ¶ 5, ECF No. 1; Def.'s Mot. App. 42-43, ECF No. 39-1. The claim was denied on March 6, 2015. Compl. ¶ 6. In its complaint filed on February 26, 2016, plaintiff seeks the same relief: $250,000 in damages and termination of the lease. Id. ¶ 101. On July 14, 2017, the court entered a discovery scheduling order. See generally Order, July 24, 2017, ECF No. 38. Pursuant to that order, the initial disclosures required by Rule 26(a)(1) of the Rules of the United States Court of Federal Claims ("RCFC") were due on August 15, 2017. Id. Initial disclosures must include, among other items, "a computation of each category of damages claimed by the disclosing party [and] documents or other evidentiary material . . . on which each computation is based, including materials bearing on the nature and extent of injuries suffered." RCFC 26(a)(1)(A)(iii).

Plaintiff's second amended initial disclosures, which were served on defendant on October 6, 2017, contain the following explanation of plaintiff's claimed damages:

> Plaintiff's total damages cannot be calculated at this time, because they are ongoing, and therefore, these damages are an estimate of the damages based on information currently available, which shall be made available for inspection. Further, a more detailed calculation and designation of expectancy and reliance damages requires further expert consultation and/or opinion. Subject to the foregoing, Plaintiff states that the relief sought in this action is for monetary damages, as itemized below, in excess of $250,000.00, and termination of the subject lease between the parties as a result of Defendant's breach.

- Actual losses directly and proximately caused by Defendant's breach of the subject lease based on the implied duty of good faith and fair dealing. These damages will be calculated by adding the total actual losses incurred by Plaintiff as a direct and proximate result of Defendant's breach.

- Expectation damages (i.e., the benefits Plaintiff expected to receive had the breach not occurred and Defendant fully performed) incurred by Plaintiff with reasonable certainty, including lost profits and loss of business, which were the proximate result of Defendant's breach of the subject lease based on the implied duty of good faith and fair dealing, and which were foreseeable or because Defendant had knowledge of special circumstances at the time of contracting, including the reasonable limitation of the volume of visitors and/or invitees to the Social Security Administration at the premises, minus any avoided costs.

- Reliance damages (i.e., foreseeable loss caused by reliance on the contract) resulting from Plaintiff's reliance on Defendant's good faith and fair dealing in its performance of the subject lease. These damages will be calculated by adding the total reasonably foreseeable damages that were as a probable result of the breach and follows from the breach in the ordinary course of events or as a result of special circumstances that Defendant had reason to know, including the reasonable limitation of the volume of visitors and/or invitees to the Social Security Administration at the premises. This category of damages may be brought in the alternative to expectancy damages, which will be determined after consultation with an expert.

- Post-judgment interest.

- Court costs actually incurred in the litigation.

Def.'s Mot. App. 31-33.

Defendant avers that plaintiff "provide[d] an inadequate description of the types of damages that it seeks," and accordingly asks the court to "require [plaintiff] to supplement its initial disclosures with a thorough explanation of its damages."[1] Def.'s Mot. 5. Plaintiff contends that its disclosure, set forth above, sufficiently "disclosed an estimate of the damages in

---

[1] In its motion and attached appendix, defendant provided a description of its good-faith efforts to obtain more detailed disclosures prior to seeking the court's intervention. See Def.'s Mot. 2, ECF No. 39.

excess of $250,000.00 and the methodology on which this estimate is based for each category of damages." Pl.'s Resp. 2, ECF No. 40.

RCFC 26(a)(1)(A)(iii) requires "a computation of each category of damages" (emphasis added), not the boilerplate identification of various categories of damages that plaintiff has provided. In other words, the rule mandates that plaintiff provide the "accounting back-up for plaintiff's computation of damages." Grooms & Co. Constr., Inc. v. United States, No. 13-426C, 2015 WL 8481954, at *2 (Fed. Cl. Dec. 9, 2015) (unpublished decision).

Other courts interpreting Rule 26(a)(1)(A)(iii) have reached similar conclusions.[2] For example, in Design Strategy, Inc. v. Davis, the plaintiff was deemed to have provided notice to the defendant that it would seek lost profits, but failed to provide "any specific computation of lost profits nor . . . any evidence on the basis of which such computation might be made."[3] 469 F.3d 284, 293 (2d Cir. 2006). The plaintiff argued that its financial statements, which were provided to the defendant, contained the necessary information, but the district court noted that, in addition to the statements themselves, a "specific formula indicating how [plaintiff's] theory of damages [was] supported" from those statements was needed. Id. The United States Court of Appeals for the Second Circuit explained that the rule "requires more than providing—without any explanation—undifferentiated financial statements; it requires a 'computation,' supported by documents" because the plaintiff's "'simple arithmetic' calculation [was] wholly inadequate as a measure of damages." Id. at 295. But see Williams v. Anderson, 400 P.3d 1071, 1075 (Utah Ct. App. 2017) (a damages description of "30% of the price" was sufficient under the state version of FRCP 26(a)(1) because (1) the description "disclosed both the fact of damages and the method by which those damages would be calculated" and (2) the defendant knew the price).

In the instant case, plaintiff similarly provides a generic listing of categories of damages while failing to provide sufficient—in this case, any—backup computations for its $250,000 estimate. Simply stating that its estimate was computed by "adding the total damages incurred," see, e.g., Pl.'s Resp. 2, is insufficient because it fails to set forth even "basic information regarding damages sought," see id. at 3 (internal quotation marks omitted). That plaintiff has not yet hired an expert to analyze and support its claims is of no moment. RCFC 26(a)(1)(E) provides that initial disclosures must be "based on the information then reasonably available" to

---

[2] RCFC 26(a)(1)(A)(iii) mirrors its counterpart in the Federal Rules of Civil Procedure ("FRCP"). "[T]o the extent permitted by this court's jurisdiction," the RCFC "must be consistent with the [FRCP]." RCFC 83(a). Interpretation of the RCFC "will be guided by case law and the Advisory Committee Notes that accompany the [FRCP]." RCFC, 2002 Rules Committee Note 1; see also Allgonac Mfg. Co. v. United States, 458 F.2d 1373, 1376 (Ct. Cl. 1972) ("This court may use interpretations of the Federal Rules in applying analogous Claims Court rules."); Zoltek Corp. v. United States, 71 Fed. Cl. 160, 167 (2006) (noting that interpretation of the FRCP "informs the Court's analysis" of the corresponding RCFC).

[3] The Design Strategy court examined what was then FRCP 26(a)(1)(C), the predecessor to FRCP 26(a)(1)(A)(iii).

the disclosing party, and further provides that "[a] party is not excused from making its disclosures because it has not fully investigated the case."

Plaintiff first asserted $250,000 in damages over three years ago before the contracting officer. In doing so, plaintiff certified that its "claim [was] made in good faith, the supporting data are accurate and complete . . . , and the amount requested accurately reflects the contract adjustment or amount for which [plaintiff] believes the government is liable." Def.'s Mot. App. 43. It is axiomatic that a claim made in good faith has an underlying basis. As discussed above, RCFC 26(a)(1)(A)(iii) requires that such basis be disclosed. Plaintiff's disclosures thus far appear to be woefully inadequate. While it is understandable, and acceptable, for plaintiff to have estimated its damages in presenting its certified claim to the contracting officer and then in its complaint before this court, plaintiff must disclose the basis and methodology for arriving at its estimate.

In <u>Williams</u>, the information provided was sufficient to apprise the opposing party of the formula ("30% of the price") and the inputs necessary (because the defendant knew the price) to perform a damages estimate calculation. Here, however, even assuming plaintiff provided the formula (by stating that it would add the total damages incurred for each category), its attempt to provide the inputs fails because those "inputs" are a mere designation of categories rather than any actual basis for estimates. For example, to the extent that defendant understands that plaintiff's "expectancy damages, which include 'lost profits' and 'lost business,' are derived as a result of 'litigation brought against [plaintiff] and potential tenants breaking off negotiations or otherwise deciding not to lease space,'" Pl.'s Resp. 4 (quoting Def.'s Mot. 7), plaintiff's disclosures provide no information about the extent of such "lost profits and lost business"—only the notion that plaintiff believes the total, when combined with other named categories of damages, exceeds $250,000. In short, plaintiff has failed to meet its responsibility to apprise defendant of how plaintiff arrived at its $250,000 figure. Plaintiff has merely listed broad categories of components of the $250,000 figure, rather than providing estimates for each input and the methodology for arriving at such estimates.

Accordingly, defendant's motion to compel is **GRANTED**. Plaintiff shall provide the computation of its damages estimate, including any and all supporting data that plaintiff certified as "accurate and complete" before the contracting officer to defendant **no later than Wednesday, December 13, 2017.** Plaintiff shall also provide, along with its computation and supporting data, a certification that all documentation supporting its damages computation has been disclosed. If there truly is no underlying basis for plaintiff's damages estimate beyond what has already been provided, plaintiff must so state.

**IT IS SO ORDERED.**

s/ Margaret M. Sweeney
MARGARET M. SWEENEY
Judge